UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARCUS D. GRAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| VS. ) | No. 18-1200-JDT-cgc |
| ) | |
| ) | |
| OFFICER MAYS, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER PARTIALLY DISMISSING COMPLAINT, DIRECTING THAT
PROCESS BE ISSUED AND SERVED ON DEFENDANT LEE
AND DENYING MOTION FOR DISCOVERY (ECF No. 11)

On October 9, 2018, Plaintiff Marcus D. Graves, currently in custody at the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On October 11, 2018, the Court ordered Graves to submit a signed copy of his complaint and to comply with 28 U.S.C. § 1915(a)(2) or pay the full $400 civil filing fee. (ECF No. 4.) Graves complied by filing a signed complaint, (ECF No. 5), and an *in forma pauperis* application that included a copy of his inmate trust account statement, (ECF No. 6). The Court issued an order on October 17, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) Graves sues Officer First Name Unknown (FNU)

Mays and Officer FNU Lee, both of whom are Deputies at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, where Graves previously was confined.

Graves alleges that on January 13, 2018, he was yelling for help from his cell door when Officer Lee "became upset and popped the cell door and mased [sic] me." (ECF No. 5 at PageID 15.) Graves "told him if he did it again it would be trouble," to which Officer Lee allegedly responded by again opening Graves's cell door and spraying him with mace a second time. (*Id.*) Graves "tried to block" the mace, and Officer Lee allegedly "tazed [Graves] in the neck, back, and butt after he slammed my face in the floor knocking my front tooth out." (*Id.*) Officer Mays allegedly then "explained to Officer Lee he was wrong and told [Graves] to get legal help." (*Id.*) Graves asks "the court for justice" and seeks unspecified compensation for "pain and suffering for my teeth." (*Id.* at PageID 16.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

  (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

  (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines

whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Graves filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

3

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Graves's only allegation pertaining to Officer Mays is that he told Officer Lee that "he was wrong" and told Graves "to get legal help." These allegations do not state a claim against Officer Mays. *See Twombly*, 550 U.S. at 570 (explaining that when a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face").

Graves's allegations against Officer Lee amount to a claim of excessive force. It is unclear whether, at the time of the alleged incident, Graves was a pretrial detainee or a convicted inmate. His status at the time of the incident determines the analysis the Court must apply to his claim of excessive force. *See Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002). If Graves was a convicted inmate, his claim arises under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). If, however, Graves was a pretrial detainee at the time of the alleged assault, then his protection against excessive force is provided by the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Although it is not clear which standard applies, the Court will allow Graves's claim to proceed because his allegations sufficiently state a claim of excessive force under either standard.

The Eighth Amendment protects a convicted inmate from cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). "[T]he unnecessary

and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Establishing an Eighth Amendment claim of excessive force requires a showing that (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation," and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6 (citing *Whitley*, 475 U.S. at 320-21).

Graves alleges that he was locked in his cell and yelling for help when Officer Lee entered his cell and sprayed him with mace. Graves does not allege what effect, if any, the mace had on him. Were this his lone allegation, he likely would not state a claim. *See Hudson*, 503 U.S. at 9-10 (noting Eighth Amendment "excludes from constitutional recognition *de minimis* uses of physical force" that are not "'repugnant to the conscience of mankind'" (quoting *Whitley*, 475 U.S. at 327)). Graves, however, alleges that he said "it would be trouble" if Officer Lee sprayed Graves again. Officer Lee then reentered Graves's cell, attempted a second time to spray Graves with mace, used a Taser on Graves, and "slammed" Graves to the floor, knocking out a tooth.

Graves's comment to Officer Lee that "it would be trouble" if he tried to use the mace on Graves a second time suggests Officer Lee could have been acting "in a good-faith effort to maintain or restore discipline" when he entered Graves's cell the second time.

5

Graves, however, was locked behind a cell door when he made this comment to Officer Lee. Nothing in Graves's complaint, the facts of which the Court must accept as true at this stage, suggest that Graves presented a threat to Officer Lee or prison security or was disobeying an order at the time, either of which could have justified the use of force. *See, e.g.*, *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (use of pepper spray on inmate who "disobeyed repeated direct orders" was not excessive); *Siggers v. Renner*, 37 F. App'x 138, 140 (6th Cir. 2002) (use of pepper spray on inmate who refused to obey orders and was perceived as "present[ing] a threat to prison security" was not excessive). These facts suggest that, rather than applying force "in a good-faith effort to maintain or restore discipline," Officer Lee intended to cause Graves harm when he reentered the cell. Accepting Graves's allegations as true, Officer Lee's alleged use of mace and his Taser, and his forceful taking-down and injuring of Graves, was an excessive reaction to Graves's comment. *Cf. Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (holding that sergeant's use of a chemical agent on sleeping prisoner was excessive because "it was not necessary in order to restore order and since 'less intrusive means' could have been used" to wake prisoner). Graves therefore states a claim of excessive force under the Eighth Amendment.

Excessive force claims brought by pretrial detainees are analyzed under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 135 S. Ct. at 2466 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a

particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

The Sixth Circuit has held that, "[a]bsent some compelling justification—such as the potential escape of a dangerous criminal or the threat of immediate harm—the use of [a stun gun] on a non-resistant person is unreasonable." *Bennett v. Krakowski*, 671 F.3d 553, 562 (6th Cir. 2011) (quoting *Kijowski v. City of Niles*, 372 F. App'x 595, 600 (6th Cir. 2010)). According to the allegations in Graves's complaint, Graves was in his cell and not attempting to escape or harm Officer Lee when the officer entered Graves's cell the second time. Officer Lee was reacting not to a threat but instead to Graves's comment that "it would be trouble" if Officer Lee used mace on Graves a second time. As noted, that comment from a confined inmate, who was locked behind a cell door and posed no threat to others, did not necessitate the level of force exerted by Officer Lee here. On the facts

7

presented in the complaint, Officer Lee's use of force was unreasonable. Graves therefore states a claim under the Fourteenth Amendment.

In conclusion, the Court DISMISSES Graves's claim against Officer Mays for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

It is ORDERED that the Clerk shall issue process for Defendant Lee and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Lee pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Graves shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendant Lee. Graves shall make a certificate of service on every document filed. Graves shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[1]

Graves also filed a motion seeking the production of certain documents. (ECF No. 11.) That motion is premature at this stage of the proceedings and is therefore DENIED without prejudice to refiling at a later, appropriate time.

---

[1] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

Graves is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE