UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARCUS D. GRAVES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )    No. 18-1200-JDT-cgc |
| | ) |
| OFFICER MAYS, ET AL., | ) |
| | ) |
|     Defendants. | ) |

ORDER TO MODIFY THE DOCKET,
DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND
DENYING PLAINTIFF'S MOTION FOR DISCOVERY AS UNNECESSARY

Plaintiff Marcus D. Graves, a prisoner acting *pro se*, has filed a motion for appointment of counsel in this civil matter. (ECF No. 19.) Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation

marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

In Graves's motion, he states that counsel should be appointed because he has a limited knowledge of the law. However, this case is no more complex than many other cases litigated by *pro se* prisoners without counsel and with limited legal knowledge. Graves has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel in this matter. The motion for appointment of counsel therefore is DENIED.

On January 13, 2020, Graves filed both a motion for discovery, (ECF No. 23), and a copy of interrogatories he served on Defendant John Lee's[1] counsel on January 6 2020, (ECF No. 24). However, the "motion" for discovery also is merely a discovery request, specifically a request for production of documents and tangible things under Federal Rule of Civil Procedure 34. Therefore, the motion for discovery is DENIED as unnecessary.

---

[1] The Clerk is directed to MODIFY the docket to include Defendant Lee's first name, which is provided in his answer. (ECF No. 21 at PageID 66.)

2

Graves is advised that he should not file routine discovery requests as motions and should not file copies of his discovery requests as a matter of course. Discovery requests and responses generally should be served only on the opposing party. If a discovery dispute arises between the parties and the Court's intervention is needed, however, copies of the pertinent discovery requests and responses must accompany any motion to compel. In addition, discovery requests and responses may be filed in support of or in opposition to a motion for summary judgment.

IT IS SO ORDERED.

                                                       s/ **James D. Todd**
                                                      JAMES D. TODD
                                                      UNITED STATES DISTRICT JUDGE